UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KURT SINGLETON,<br><br>               Plaintiff,<br><br>   v.<br><br>INTELLISIST, INC., d/b/a Spoken Communications,<br><br>               Defendants. | Case No. C17-1712RSL<br><br>ORDER REGARDING MOTION FOR EXTENSION OF TIME |

      This matter comes before the Court on "Defendant's Motion to Extend Deadlines and for Protective Order Staying Deadline for Discovery Responses." Dkt. # 37. Plaintiff served his first set of discovery requests on March 13, 2018. Four days earlier, third-party Avaya, Inc., had acquired defendant Spoken Communications: defendant is now a subsidiary of Avaya. Defendant requested, and was granted, three extensions of the time in which to respond to plaintiff's written discovery.

      On June 15, 2018, the day its responses were due, defendant filed this motion, arguing that it could not timely respond because (a) employees with knowledge of the relevant events had left the company after Avaya acquired defendant and (b) Avaya's efforts at integrating defendant's email and document management systems and its migration to a new email platform has complicated document searches and recovery. Defendant requests an additional thirty days from the date the Court rules on this motion in which to serve discovery responses and a three

ORDER REGARDING MOTION FOR
EXTENSION OF TIME

month continuance of all other case management deadlines. Plaintiff opposes the motion.

Pursuant to Fed. R. Civ. P. 6(b)(1), when a party is required to act within a specified time, the deadline may be extended for good cause. Likewise, Fed. R. Civ. P. 16(b)(4) provides that case management deadlines established by the Court "may be modified only for good cause and with the judge's consent." The case management order in this case likewise states "[t]hese are firm dates that can be changed only by order of the Court, not by agreement of counsel or the parties. The Court will alter these dates only upon good cause shown . . . ." Dkt. # 28 at 2.

As defendant acknowledges, the "good cause" standard primarily considers the diligence of the party seeking an extension. Dkt. # 37 at 5; Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087-88 (9th Cir. 2002) (where plaintiff failed to "demonstrate diligence in complying with the dates set by the district court," good cause was not shown); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). Defendant essentially argues that, because it has a new parent company and the new owner has made personnel and systems changes, it should be excused from having to respond to discovery or otherwise litigate this case in a timely manner. Defendant makes virtually no effort to show that it has been diligent in its efforts to gather the information requested by plaintiff in March. In fact, it appears that defendant opted to do nothing - no employee interviews, no document searches, no privilege reviews - until the Court ruled on a pending motion to dismiss. A Rule 12(b)(6) motion does not, however, stay discovery or alter case management deadlines. More troubling is the fact that the whole time defendant sat on its hands, it was aware that its personnel were dispersing and that its new parent company was making changes that adversely impacted its ability to access files and documents. Defendant has not shown that it has been diligent or established good cause for an extension of time in which to respond to discovery or an extension of the case management deadlines.

By filing this motion on the day on which its discovery responses were due, defendant has given itself an extra six weeks in which to respond. Defendant did not request a specific extension of time, and the Court assumes it has been diligently gathering responsive documents

ORDER REGARDING MOTION FOR
EXTENSION OF TIME                -2-

and information since it filed this motion. Defendant shall, therefore, serve its discovery responses within seven days of the date of this Order.

DATED this 1st day of August, 2018.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge